UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRIKYLE WALLS | Case No. 20-CR-710<br><br>Judge John Robert Blakey |

### MEMORANDUM OPINION AND ORDER

The Defendant moves to dismiss the Indictment [1] based upon the Supreme Court's decision in *New York State Rifle and Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). *See* [91]. Defendant challenges the constitutionality of 18 U.S.C. § 922(g)(1) under the Second Amendment to the United States Constitution. U.S. Const. amend. II ("A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."). For purposes of deciding Defendant's motion, this Court assumes that the Indictment's factual allegations are true and must "view all facts in the light most favorable to the government." *United States v. Yashar*, 166 F.3d 873, 880 (7th Cir. 1999); *see also* Fed. R. Crim. P. 12(b)(1) (Defendant "may raise by pre-trial motion any defense, objection, or request that the court can determine without a trial on the merits.").

This Court held oral argument on Defendant's motion on October 11, 2023, [102], and permitted full briefing of the issues by both sides, [91], [95], [100], [106]. For the reasons set forth below, the motion to dismiss [91] is denied.

### I. Controlling Case Law Confirms Section 922(g)(1)'s Constitutionality.

Binding precedent forecloses any facial invalidation of § 922(g)(1) under the Second Amendment.[1] As the Seventh Circuit held in *United States v. Gay*, such an "argument is hard to square with *District of Columbia v. Heller*, 554 U.S. 570, 626

---

[1] As part of today's ruling, this Court assumes, for the sake of the motion, that convicted felons constitute part of the "people" under the plain text of the Second Amendment. *United States v. Phillips*, No. 1:22-CR-00596, 2023 WL 9001124, at *6 (N.D. Ill. Dec. 28, 2023) (The "plain text of the Second Amendment" provides "no reason to think that the word 'people' does not cover, on its face, all persons—including a person convicted of a felony.").

(2008)," which affirmed "that the Second Amendment creates personal rights" and "pointedly stated that 'longstanding prohibitions on the possession of firearms by felons' are valid." 98 F.4th 843, 846 (7th Cir. 2024). Indeed, in *McDonald v. Chicago*, the Supreme Court again reiterated that all of the reservations and provisos in *Heller*, including the "prohibitions on the possession of firearms by felons," retain their validity. 561 U.S. 742, 786 (2010) (plurality opinion). If any doubt remained about *Heller*'s endorsement of § 922(g)(1)'s constitutionality post-*Bruen*, the Seventh Circuit resolved such uncertainty in *Gay*. Thus, in the absence of any definitive invalidation of § 922(g)(1) by the Supreme Court itself, the *Bruen* opinion (without more) fails to undermine the constitutionality of the statute. *See* 597 U.S. at 72 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun. Nor does it decide anything about the kinds of weapons that people may possess. Nor have we disturbed anything that we said in *Heller* or *McDonald* about restrictions that may be imposed on the possession or carrying of guns."); *id.* at 80–81 (Kavanaugh, J., joined by the Chief Justice, concurring) (endorsing the statement in *Heller* about the propriety of denying firearms to felons).

In sum, based upon the Seventh Circuit's holding in *Gay*, *Bruen* merely alters the relevant test for determining the scope of the Second Amendment, but it leaves unchanged prior case law upholding the constitutionality of § 922(g)(1). *See* 98 F.4th 843.

## II. Historical Analysis Confirms Section 922(g)(1)'s Constitutionality.

Prior to *Gay*, the Seventh Circuit declined to rule on the constitutionality of § 922(g)(1) under the *Bruen* standard, pending a "proper, fulsome analysis of the historical tradition supporting § 922(g)(1)" by the district court. *Atkinson v. Garland*, 70 F.4th 1018, 1022 (7th Cir. 2023); *see also United States v. Jones*, No. 23-2459, 2024 WL 1427024, at *2 (7th Cir. Apr. 3, 2024) (acknowledging that "the historical assessment on the constitutionality" of § 922(g)(1) under *Bruen* remained "inconclusive" after *Atkinson*). Given *Gay*'s more recent analysis of Supreme Court precedent, however, a historical review now appears unnecessary in this case.[2]

Nevertheless, to the degree the Defendant seeks a historical analysis by this Court in a post-*Gay* world, this Court finds that the Government has presented historical evidence (not factually disputed by the parties), [95] at 18–36, and that the

---

[2] In dicta, the *Gay* court suggested that non-violent offenders *may* be able to assert a non-frivolous as-applied challenge, but held that, even if such a challenge were permitted, Gay's would fail because he was, by no means, a "law-abiding, responsible citizen," having been convicted of 22 felonies, including aggravated battery of a peace officer and possessing a weapon while in prison. 98 F.4th at 846–47. Without a doubt, this type of hypothetical challenge, even if viable for a certain category of felons, would not help the Defendant in this case, as discussed below.

Government has carried its burden of answering the questions presented by *Atkinson*.[3] In short, based upon the record here, this Court adopts the well-reasoned historical review and legal analysis of Circuit Judge Wood in her dissent in *Atkinson*, 70 F.4th at 1025 ("My own assessment of the materials that now govern Second Amendment questions per *Bruen* convinces me that the categorical prohibition created by section 922(g)(1) passes muster under the Constitution.").[4]

---

[3] In *Atkinson*, the Seventh Circuit listed five questions to "help focus the proper analysis" in determining whether the statute is "consistent with this Nation's historical tradition of firearm regulation" under *Bruen*. 70 F.4th at 1020, 1024–25. Nonetheless, it acknowledged that any trial court's historical analysis would "no doubt yield some measure of indeterminacy" and that, prior to receiving additional Supreme Court guidance, the courts would "have to give the best answer available" on whether the Government met its historical-tradition burden. *Id.* at 1024. The Government has met its burden here, given the absence of factual disputes by the parties, no evidentiary hearing was requested or required. *United States v. Agee*, No. 21-CR-00350-1, 2023 WL 6443924, at *6–7 (N.D. Ill. Oct. 3, 2023) ("Put another way, by not otherwise refuting the particular laws, treatises, or academic articles, [defendant] implicitly accepts that the government has presented them accurately" and thus "no evidentiary hearing is needed in this particular case" because defendant "mounts no counterattack on the accuracy of the sources.").

[4] Likewise, this Court incorporates by reference both the historical review and interpretation of Supreme Court precedent that has arisen from other persuasive authorities, each upholding the constitutionality of § 922(g)(1). *See United States v. Jackson*, 69 F.4th 495, 505–06 (8th Cir. 2023) ("In sum, we conclude that legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms. Whether those actions are best characterized as restrictions on persons who deviated from legal norms or persons who presented an unacceptable risk of dangerousness, Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons. Consistent with the Supreme Court's assurances that recent decisions on the Second Amendment cast no doubt on the constitutionality of laws prohibiting the possession of firearms by felons, we conclude that the statute is constitutional as applied to Jackson."); *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023) ("The longstanding prohibition on possession of firearms by felons is constitutional, and the district court properly denied the motion to dismiss."); *United States v. Whitney*, No. 22-10326, 2024 WL 1429461, at *2 (9th Cir. Apr. 3, 2024) ("Nothing in the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), reflects a retreat from the Court's earlier statement in *District of Columbia v. Heller*, 554 U.S. 570 (2008), that 'longstanding prohibitions on the possession of firearms by felons and the mentally ill' are 'presumptively lawful.'"); *Vincent v. Garland*, 80 F.4th 1197, 1201 (10th Cir. 2023) ("Though *Bruen* created a new test for determining the scope of the Second Amendment, the Court didn't appear to question the constitutionality of longstanding prohibitions on possession of firearms by convicted felons. If anything, *Bruen* contains two potential signs of support for these prohibitions."); *United States v. Dubois*, 94 F.4th 1284, 1292–93 (11th Cir. 2024) ("The Supreme Court left no doubt that it viewed its decision as a faithful application of *Heller*, not a departure from it," confirming "that *Heller* correctly 'relied on the historical understanding of the Amendment to demark the limits on the exercise of that right.'"); *United States v. Phillips*, No. 1:22-CR-00596, 2023 WL 9001124, at *14 (N.D. Ill. Dec. 28, 2023) (The "historical analogues provided by the government support a legislative authority to disarm persons convicted of felonies, regardless of whether the conviction involved a use (or attempted use) of force.").

Moreover, even if this Court construes Defendant's constitutional challenge as raising an "as-applied" challenge, the Court finds that such challenge also fails.[5]

First, the historical evidence alleviates the need for any case-by-case examination of as-applied challenges to § 922(g)(1). *United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023) ("Given these assurances by the Supreme Court, and the history that supports them, we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)."); *see also Atkinson*, 70 F.4th at 1027 (Wood, J., dissenting) (suggesting that enabling individuals to seek to establish a case-specific exemption from a generally applicable criminal law would create "an arbitrary patchwork of decisions—as far from the rule of law as one could image"). As the court in *Jackson* also noted:

> If the historical regulation of firearms possession is viewed instead as an effort to address a risk of dangerousness, then the prohibition on possession by convicted felons still passes muster under historical analysis. Not all persons disarmed under historical precedents—not all Protestants or Catholics in England, not all Native Americans, not all Catholics in Maryland, not all early Americans who declined to swear an oath of loyalty—were violent or dangerous persons. The Third Circuit panel understood this fact to mean that the historical justification for regulation was not limited to dangerousness. [citing *Range v. Att'y Gen.*, 53 F.4th 262, 275–282 (3d Cir. 2022)]. But if dangerousness is considered the traditional *sine qua non* for dispossession, then history demonstrates that there is no requirement for an individualized determination of dangerousness as to each person in a class of prohibited persons. Legislatures historically prohibited possession by categories of persons based on a conclusion that the category as a whole presented an unacceptable risk of danger if armed. In reasoning by analogy from that history, "the Constitution can, and must, apply to circumstances beyond those the Founders specifically anticipated." [*Bruen*, 142 S. Ct. at 2132].

---

[5] Defendant moves to dismiss the indictment on the basis that § 922(g)(1) is "unconstitutional as applied to defendants like him." [91] at 1. Despite using the phrase "as applied," Defendant's memorandum only addresses the statute's constitutionality on its face, and Defendant only raised facial challenges at oral argument. *United States v. Cruse*, 805 F.3d 795, 818 n.7 (7th Cir. 2015) (noting that arguments not raised in opening brief are waived). To the extent Defendant's motion intended to include an as-applied challenge by its reference to *Range v. Garland*, 69 F.4th 96 (3d Cir. 2023) (en banc), any such challenge was underdeveloped in his motion to dismiss, and therefore waived. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and underdeveloped arguments, and arguments that are unsupported by pertinent authority are waived (even where those arguments raise constitutional issues)."). This Court alternatively denies Defendant's motion on that basis as well.

69 F.4th at 504; *see also United States v. Phillips*, No. 22-CR-00596, 2023 WL 9001124, at *14 (N.D. Ill. Dec. 28, 2023) ("Lastly, to the extent Phillips challenges the felon dispossession statute, as applied to him, that challenge fails. Like the defendant in *Atkinson*, Phillips fails to provide 'much historical basis for individualized assessments' or carveouts between 'individuals who committed violent versus non-violent crimes' for § 922(g)(1) purposes.") (citing *Atkinson*, 70 F.4th at 1023).

Thus, while the Government "bears the burden of proving the constitutionality" of § 922(g)(1), *Bruen*, 597 U.S. at 24 (quoting *United States v. Playboy Entertainment Grp., Inc.*, 529 U.S. 803, 816 (2000)), it can (and did) meet its burden, based upon this historical evidence, without delving into the individualized assessment.[6] *See United States v. Young*, No. 2:22-CR-20 JD, 2023 WL 8697936, at *2–3 (N.D. Ind. Dec. 15, 2023) (The "historical record shows strong support for the ability to categorically prohibit a defined group from possessing arms based on the legislature's assessment the group was dangerous or untrustworthy, without individual dangerousness assessments of group members."); *United States v. Barwicks*, No. 20-CR-00563, 2024 WL 1521473, at *13–14 (N.D. Ill. Apr. 8, 2024) (same); *United States v. Pope*, 613 F.3d 1255 (10th Cir. 2010) (Gorsuch, J.) (concluding that as-applied Second Amendment challenge to § 922(g)(9) could not be brought pre-trial because the defendant "contends the statute is unconstitutional only in light of the 'facts surrounding the commission of the alleged offense'—the very facts a court may not consider before trial").

Second, to the degree such an individualized challenge might be available for certain types of felons, *Gay*, 98 F.4th at 846, the record in this case undermines it on the merits.[7] At the time of the offense, Defendant had previously been convicted of five felonies, including offenses involving the use of a firearm: (1) a 2017 conviction for attempted armed robbery, (2) three convictions in 2013 for residential burglaries, and (3) a 2013 conviction for receiving/possessing/selling stolen vehicles. *See* [42]; [106] at 2–3. In addition, rather than contesting § 922(g)(1) through a declaratory-judgment action as the defendant in *Range* did, Defendant "violated the law in secret

---

[6] Even if Defendant had properly developed an as-applied challenge, Defendant failed to advance argument or analysis sufficient to address the questions identified by the *Atkinson* court. *See United States v. Gibson*, No. 23 CR 00483-1, 2024 WL 580059, at *3 n.2 (N.D. Ill. Feb. 13, 2024) ("Many courts in this district have similarly faulted a party bringing an as-applied challenge for failing adequately to address the prerequisite questions laid out in *Atkinson*.") (citing *United States v. Ball*, No. 22 CR 449, 2023 WL 8433981 (N.D. Ill. Dec. 5, 2023); *United States v. Brown*, No. 22 CR 326-1, 2023 WL 8236918 (N.D. Ill. Nov. 28, 2023); *United States v. Hall*, No. 22 CR 665, 2023 WL 8004291 (N.D. Ill. Nov. 17, 2023); *United States v. Brown*, No. 22 CR 297, 2023 WL 8004290 (N.D. Ill. Nov. 17, 2023); *United States v. Hardy*, No. 23 CR 129, 2023 WL 6795591 (N.D. Ill. Oct. 13, 2023); *United States v. Agee*, No. 21 CR 350-1, 2023 WL 6443924 (N.D. Ill. Oct. 3, 2023); *United States v. Gates*, No. 22 CR 397-1, 2023 WL 5748362 (N.D. Ill. Sept. 6, 2023)).

[7] At oral argument, Defendant agreed that an individualized assessment is not necessary, and that the only relevant question for constitutional purposes is a defendant's status as a felon.

and tried to avoid detection." *Gay*, 98 F.4th at 847. Therefore, like the defendant in *Gay*, Defendant is not among the "law-abiding, responsible citizens" who enjoy the constitutional right to possess firearms for self-defense. *Id.*

### III. Conclusion

In short, the constitutional rights of lawful gun owners remain protected from government overreach by the Second Amendment, but such cherished protections do not prevent legislatures from placing reasonable restrictions upon the possession of firearms by convicted felons, consistent with controlling prior precedent and the relevant historical analysis.[8] As a result, the Court denies Defendant's motion to dismiss the Indictment on Second Amendment grounds [91].

Dated: May 6, 2024

Entered:

John Robert Blakey
United States District Judge

---

[8] Being bound by a fair reading of Supreme Court and Seventh Circuit case law, this Court respectfully declines to follow contrary authorities. *See Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 106 (3d Cir. 2023) (§ 922(g)(1) held unconstitutional as applied to the plaintiff, who in 1995 pled guilty to making a false statement to obtain food stamps because the government failed to show "that our Republic has a longstanding history and tradition of depriving people like [defendant] of their firearms," and thus it "cannot constitutionally strip him of his Second Amendment rights"); *United States v. Daniels*, 77 F.4th 337, 355 (5th Cir. 2023) (reversing defendant's § 922(g)(3) conviction based upon his as-applied challenge but declining to invalidate the statute "in all its applications"); *United States v. Rahimi*, 61 F.4th 443, 448 (5th Cir. 2023) (holding that, "under *Bruen*, § 922(g)(8) fails to pass constitutional muster" because citizens accused of domestic violence still have Second Amendment rights), *cert. granted*, 143 S. Ct. 2688, 216 L. Ed. 2d 1255 (2023). Instead, this Court rejects Defendant's constitutional challenge under controlling precedent, and does so in line with the post-*Bruen* weight of authority from trial courts within this Circuit and across the nation. *United States v. Barwicks*, No. 20-CR-00563, 2024 WL 1521473, at *13 (N.D. Ill. Apr. 8, 2024) ("All in all, this Court agrees with the majority of district courts in this Circuit (and nationwide) that the Government has met its burden of demonstrating that § 922(g)(1) 'is consistent with the Nation's historical tradition of firearm regulation' and 'is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms.'"); *see also* [95] at 7–8 (noting that approximately 192 separate district court rulings have concluded that § 922(g)(1) remains unconstitutional post-*Bruen*, including five separate judges in this district); [95-1] (citing cases).